979 F.2d 851
 142 L.R.R.M. (BNA) 2312
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
SUPREME EXTERIORS, INC., Respondent.
 No. 92-6274.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1992.
 
 Before KEITH and DAVID R. NELSON, Circuit Judges and BAILEY BROWN, Senior Circuit Judge.
 
 
 1
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Supreme Exteriors, Inc., Haslett, Michigan, its officers, agents, successors, and assigns, enforcing its order dated March 31, 1992, in Case No. 7-CA-32649, and the Court having considered the same, it is hereby
 
 
 2
 ORDERED AND ADJUDGED by the Court that the Respondent, Supreme Exteriors, Inc., Haslett, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from
 
 3
 (a) Failing and refusing to bargain in good faith with Local 67, Operative Plasterers' and Cement Masons' International Association, AFL-CIO as the limited exclusive representative of its employees in the following appropriate unit by failing and refusing, since on or about June 1991, and continuing to date, to make contributions required under the collective-bargaining agreements, effective from June 1, 1989 to May 31, 1991, and from July 1, 1991 to May 1, 1992, between the Detroit Association of Walls and Ceiling Contractors and the Union, without prior notice to or bargaining with the Union:
 
 
 4
 All journeymen and apprentice plasterers employed by Respondent at Haslett facility.
 
 
 5
 (b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 6
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 7
 (a) Make the contractually required contributions on behalf of the unit employees to the vacation fund, hospitalization fund and pension fund, retroactive to June 1991, and make unit employees whole, with interest, for any losses attributable to its failure to make the contractually required payments.
 
 
 8
 (b) Preserve and, on request make available to the Board or its agents for examination and copying all payroll records, social security payment records, timecards, personnel records and reports and all other records necessary to analyze the amount of backpay due under the terms of this Judgment
 
 
 9
 (c) Post at its facility in Maslett, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7, after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 10
 (d) Notify the Regional Director in writing within 20 days from the date of this Judgment what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 11
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES
 
 COURT OF APPEALS ENFORCING AN ORDER OF THE
 NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 12
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 13
 WE WILL NOT fail or refuse to bargain in good faith with Local 67, Operative Plasterers' and Cement Masons' International Association, AFL-CIO as the limited exclusive representative of its employees in the following appropriate unit by failing and refusing, since on or about June 1991, and continuing to date, to make contributions required under the collective-bargaining agreements, effective from June 1, 1989 to May 31, 1991, and from July 1, 1991 to May 1, 1992, between the Detroit Association of Walls and Ceiling Contractors and the Union, without prior notice to or bargaining with the Union. The appropriate unit is:
 
 
 14
 All journeymen and apprentice plasterers employed by Respondent at its Haslett facility.
 
 
 15
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 16
 WE WILL make the contractually required contributions on behalf of the unit employees to the vacation fund, hospitalization fund and pension fund, retroactive to June 1991, and make unit employees whole, with interest, for any losses attributable to its failure to make the contractually required payments.
 
 
 17
 SUPREME EXTERIORS, INC.
 
 
 18
 (Employer)
 
 
 19
 Dated __________ By __________ (Representative) __________ (Title)
 
 
 20
 This is an official notice and must not be defaced by anyone.
 
 
 21
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313-226-3219.